05-920

ORIGINAL

AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District Delaware | |
|---|---|---|
| Name Lakisha Short | Prisoner No. 00343759 | Case No. ID No. 0308021919 |
| Place of Confinement Baylor Women's Correctional Institution | | |
| Name of Petitioner (include name under which convicted) Lakisha Short | v. Name of Respondent (authorized person having custody of petitioner) Warden Patrick Ryan | |
| The Attorney General of the State of: Delaware | | |

## PETITION

1. Name and location of court which entered the judgment of conviction under attack Sussex County Superior Court

2. Date of judgement of conviction April 23, 2004

3. Length of sentence Total of 55 years

4. Nature of offense involved (all counts) I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 – Robbery 1st – 25 Years @ Supervision Level 5
I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 – PFDCF – 25 years (5 years of it mandatory)
I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 – PFDCF – 5 years mandatory
I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 – Aggr. Menacing – 5 years Level 5; Suspended for 1 year @ Level 3

5. What was your plea? (Check one)
   (a) Not guilty ☑
   (b) Guilty ☐
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☑
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐ No ☑

8. Did you appeal from the judgement of conviction?
   Yes ☑ No ☐

FILED CLERK U.S. DISTRICT COURT DISTRICT OF DELAWARE 2005 DEC 30 PM 2:40

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

(a) Name of court Delaware Supreme Court

(b) Result Denied

(c) Date of result and citation, if known Case No. 182, 2004 ~ Dec. 30, 2004

(d) Grounds raised Unknown - Done by Public Defender

(e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

(1) Name of court N/A

(2) Result

(3) Date of result and citation, if known

(4) Grounds raised

(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

(1) Name of court N/A

(2) Result

(3) Date of result and citation, if known

(4) Grounds raised

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?

Yes ☑ No ☐

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court Superior Court of Delaware

(2) Nature of proceeding Rule 61 - Motion for Postconviction Relief

(3) Grounds raised Same as those raised in this Petition.

AO 241 (Rev. 5/85)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes☐ No☑

(5) Result

(6) Date of result

(b) As to any second petition, application or motion give the same information:

(1) Name of court

(2) Nature of proceeding N/A

(3) Grounds raised

(4) Did you receive any evidentiary hearing on your petition, application or motion?
Yes☐ No☐

(5) Result

(6) Date of result

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?

(1) First petition, etc. Yes☑ No☐

(2) Second petition, etc. Yes☐ No☐ N/A

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.

CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: **Defendant was denied her right to due process.**

Supporting FACTS (state *briefly* without citing cases or law)

One of the offenses used to declare the defendant a habitual offender was committed when the defendant was a juvenile. Defendant was born on August 20, 1980, meaning she did not reach her 18th birthday until August 20, 1998. Of the crimes cited in declaring her a habitual offender, the first was a conviction of Assault 2nd, of which she was convicted and sentenced on May 17, 1998, a full three months before her 18th birthday.

A further violation of the defendant's right to due process occurred when her photo was picked out of a photo array containing her photo and at least four photos which clearly appeared to be *women*, when the witnesses viewing photo array had already previously made statements describing the robbery suspect as "*a man*" (witness Adams) or "*a woman who looked like a man*" (witness Alsmadi), thus placing undue emphasis on defendant as being the person witnesses described as committing the robbery and not allowing for an objective or non-coercive identification of defendant as the perpetrator.

B. Ground two: **Defendant was denied her right of protection against double jeopardy.**

Supporting FACTS (state *briefly* without citing cases or law)

Defendant was sentenced twice, to two separate and consecutive sentences totaling thirty years, for the same offense – *Possession of a Firearm During the Commission of a Felony – IS03-09-0737 and IS03-09-0763* – though these two charges relate to the same incident and were tried at the same time.

AO 241 (Rev. 5/85)

C. Ground three: **Defendant was denied her right to be free from cruel and unusual punishment.**

Supporting FACTS (state *briefly* without citing cases or law)

Defendant was sentenced to a term of imprisonment of *fifty-five years.* Defendant is a 24-year-old female who was 23 at the time of conviction and sentencing. This exorbitant 55-year sentence was based on three prior felonies, one which was committed before her 18th birthday and should not have been considered as part of a habitual offender status. The other two felonies were two counts of Forgery 2nd committed when defendant was 18 years old, and one count of Burglary 2nd when defendant was 21 years old. This criminal history does not warrant such an inflated sentence and is excessive to the extent that it is cruel and unusual punishment.

D. Ground four: **Defendant was denied her right to effective assistance of counsel when her Public Defender did not raise various issues on direct appeal.**

Supporting FACTS (state *briefly* without citing cases or law)

The Public Defender filed a direct appeal on behalf of the defendant that was "Boiler Plate" in content and wholly ineffective. In addition to the grounds listed above, defendant's Public Defender did not raise the following issues on direct appeal. 1. The Public Defender did not raise the issue that *none* of the fingerprints found at the crime scene matched the defendant's, not even those on the soda bottle that the witnesses said the robber possessed. None of the witnesses testified that the robbery suspect wore gloves, so the lack of the defendant's fingerprints anywhere at the crime scene was a significant issue. 2. The Public Defender did not raise the issue that witness Alsmadi first described the car in which the robber fled as being *"a gray medium-sized car."* Only in later interviews, after having talked to at least two detectives, did he then say that the car was *"a gray Chevy Corsica".* No license plate number was witnessed or reported, thus raising significant doubt that the car used by the robber was the same car belonging to the defendant. 3. The Public Defender did not raise the issue that never in the course of the investigation of the robbery was the gun, the one that was alleged to be the weapon involved in the robbery, ever fired, nor were ballistic or forensic tests done upon it. It was never proven that the gun found in the Chevy Corsica, and alleged to have belonged to the defendant, was even used in the commission of the robbery. The Public Defender used one issue only in his direct appeal of defendant's convictions – that being that it was never established as being a firearm or a deadly weapon under the legal definitions of same. He ignored the fact that no proof was ever established that the gun in question was even used in the robbery at all.

13. If any of these grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them:

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgement under attack?

Yes ☐ No ☑

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing

(b) At arraignment and plea

AO 241 (Rev. 5/85

(c) At trial James Nutter, Public Defender

(d) At sentencing James Nutter, Public Defender

(e) On appeal James Nutter; Public Defender

(f) In any post-conviction proceeding ProSe

(g) On appeal from any adverse ruling in a post-conviction proceeding ProSe

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes☑ No☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes☐ No☑

(a) If so, give name and location of court which imposed sentence to be served in the future: N/A

(b) Give date and length of the above sentence:

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes☐ No☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

[signature] ProSe
Signature of Attorney (if any)

I declare under penalty of perjury that the fore going is true and correct. Executed on

12/28/05
(date)

[signature]
Signature of Petitioner


LAKISHA SHORT
SBI #343759
2005 WILMINGTON, DE 19850 WILMINGTON DE 19850
DEC 29
USA 37
CLERK OF THE UNITED
STATES DISTRICT COURT
844 NORTH KING ST.
WILMINGTON, DE 19801
LOCKBOX #18