IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE


LAKISHA SHORT,                                          :
                                                        :
          Petitioner         :
                                                        :
    v.                                   :     Civ. Act. No. 05-920-JJF
                                                        :
PATRICK RYAN, Warden, and                               :
CARL C. DANBERG, Attorney                               :
General of the State of Delaware,                       :
                                                        :
          Respondents       :

**ANSWER**

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. '

2254, respondents state the following in response to the petition for a writ of habeas

corpus:

1.  The grand jury indicted Lakisha Short in October 2003, charging her with first

degree robbery, aggravated menacing, and three weapons offenses.  One of the

weapons offenses, possession of a deadly weapon by a prohibited person, was severed

from the other counts of the indictment before trial in March 2004.  A Superior Court

jury convicted Short of one count of first degree robbery, one count of aggravated

menacing, and two counts of possession of a firearm during the commission of a felony.

On the prosecution's motion, Short was declared an habitual offender under Del. Code

Ann. tit. 11, §4214(a):  she was sentenced to a total of 60 years imprisonment, suspended

after 55 years for 1 year probation.  On direct appeal, the state supreme court affirmed

Short's convictions. *Short v. State*, 865 A.2d 512 (Del. 2004). Short then applied for state

post-conviction relief in June 2005. Superior Court denied the motion in October 2005;

Short took no appeal from that decision.

      2. Short has applied for federal habeas relief, making the same complaints that

she made in the state post-conviction action. *Compare* D.I. 2 with *State v. Short*, 2005 WL

2841613, mem. op. at *1 (Del. Super. Oct. 25, 2005). However, Short's claims fail because

she failed to appeal from the Superior Court decision that denied her motion for post-

conviction relief. In the first instance, if there is no available state remedy, Short is

excused from the exhaustion requirement. *See Teague v. Lane*, 489 U.S. 288, 298 (1989).

She can not now appeal to the state supreme court: the appeal would be dismissed as

being untimely under state law. *See Dorsey v. Carroll*, 393 F.Supp.2d 272, 276 (D. Del.

2005). Short also can not return to Superior Court to present her claims again in order

to appeal from the ensuing decision: because of her failure to appeal the earlier

decision, state law precludes reconsideration of the claims Short made in her June 2005

post-conviction motion. *Dorsey*, 393 F.Supp.2d at 276; *Qualls v. Williams*, 2004 WL

2283595, mem. op. at *3 (D. Del. Sept. 29, 2004); *Kennedy v. Kearney*, 1996 WL 534877,

mem. op. at *2-3 (D. Del. Sept. 11, 1996). Because there is no available state remedy,

Short is excused from the exhaustion requirement. *See Teague*, 489 U.S. at 297-98;

*Dorsey*, 393 F.Supp.2d at 276.

      3. However, review of Short's claims is barred unless she shows cause for failing

to have appealed and actual prejudice stemming from the alleged constitutional errors.

*E.g., Beaty v. Patton*, 700 F.2d 110, 112-13 (3d Cir. 1983) (failure to appeal constitutes

procedural default); *Dorsey*, 393 F.Supp.2d at 277; *Qualls*, mem. op. at *4.  Short says

nothing in her federal papers about her failure to have appealed the Superior Court

decision.  As a result, Short has not established cause for the default, and that alone is

enough to warrant dismissal.  *E.g., Dorsey*, 393 F.Supp.2d at 277; *Qualls*, mem. op. at *4.

4.  On the basis of the Superior Court docket, it appears that the transcript of

Short's trial and sentencing has been prepared.  In the event that the Court directs

production of any transcript, respondents cannot state with specificity when the

transcript could be produced, but reasonably expect that production would take 90

days from the issuance of any order by the Court.

5.  The petition for a writ of habeas corpus should accordingly be dismissed

without further proceedings.

/s/ Elizabeth R. McFarlan
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 3759
elizabeth.mcfarlan@state.de.us

Date:  March 24, 2006