Not Reported in F.Supp.2d  
2004 WL 2283595 (D.Del.)  
**(Cite as: 2004 WL 2283595 (D.Del.))**

Page 1

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,  
D. Delaware.  
Luther QUALLS, Petitioner,  
v.  
Raphael WILLIAMS, Warden, Respondent.  
**No. Civ.A. 02-1257-KAJ.**

Sept. 29, 2004.

Luther Qualls. Petitioner, pro se.

Loren C. Meyers, Chief of Appeals Division, Delaware Department of Justice, Wilmington, Delaware, for Respondent.

MEMORANDUM OPINION  
JORDAN, J.

I. INTRODUCTION

**\*1** Petitioner Luther Qualls is a Delaware inmate in custody at the Delaware Correctional Center in Smyrna, Delaware. Currently before the Court is Qualls' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 2; D.I. 7; D.I. 19.) For the reasons that follow, I will dismiss Qualls' § 2254 petition.

II. FACTUAL AND PROCEDURAL BACKGROUND

In July 2000, a Delaware Superior Court grand jury indictment charged Qualls with aggravated menacing, attempted second degree assault, possession of a deadly weapon during the commission of a felony, two counts of third degree unlawful sexual contact, and resisting arrest. These charges stemmed from an altercation occurring on June 3, 2000 at a restaurant/bar located in Wilmington, Delaware.

In January 2001, a Delaware Superior Court jury convicted Qualls of aggravated menacing, the weapons offense, and resisting arrest. The Superior Court judge dismissed one count of unlawful sexual contact, and the prosecution entered a *nolle prosequi* on the attempted assault charge and the remaining count of unlawful sexual contact. In April 2001, the Superior Court sentenced Qualls to 26 years imprisonment, suspended after 7 1/2 years, for a total of 14 3/4 years at a halfway house and on probation. The Delaware Supreme Court affirmed the convictions and sentence on direct appeal. *Ryons v. State,* No.190,2001 (Del. Oct. 17, 2001).

In January 2002, Qualls filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61. [FN1] He alleged: (1) various ineffective assistance of counsel claims; (2) the Superior Court erred in denying his motion to dismiss counsel; (3) the jury was racially biased and he was prevented from taking part in the jury selection process; (4) various evidentiary errors; and (5) prosecutorial misconduct. (D.I. 18, Rule 61 Motion in *State v. Ryons (aka Qualls),* filed Jan. 14, 2002). The Superior Court summarily dismissed the claims alleging trial errors as barred by Delaware Superior Court Rule 61(d)(4) because he should have raised these claims during his direct appeal. (D.I. 18, *State v. Ryons,* ID# :0006002195, Order (Del.Super.Ct. Jan. 30, 2002)). However, the Superior Court ordered trial counsel to answer the ineffective assistance of counsel allegations. *Id.* On March 11, 2002, the Superior Court issued a Final Order dismissing the entire Rule 61 motion, finding that Qualls' trial counsel had provided effective assistance of counsel. (D.I. 18, *State v. Ryons,* ID# :0006002195, Final Order (Del.Super.Ct. Mar. 11, 2002)). Qualls did not appeal.

> FN1. Qualls filed a Rule 61 motion in April 2001, while his appeal was pending. The Superior Court denied the motion without prejudice, holding that the pendency of Qualls' direct appeal divested it of jurisdiction.

In June and July of 2002, Qualls filed an initial § 2254 petition and a second petition in this Court. (D.I. 2; D.I. 3.) After the State filed its Answer, (D.I.16.), Qualls filed an amended petition. (D.I.19.) The State filed an Answer to the Amended Petition, (D.I.25.), and Qualls filed a "Motion of Opposition to Respondent [sic] Answer." [FN2] (D.I.28.)

> FN2. Because Qualls' "Motion in Opposition" is

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d    Page 2
2004 WL 2283595 (D.Del.)
**(Cite as: 2004 WL 2283595 (D.Del.))**

really a Traverse, I will refer to it as a Traverse rather than as a motion.

**\*2** Quall's § 2254 petition is now ready for review.

III. EXHAUSTION AND PROCEDURAL DEFAULT

A federal district court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). When seeking habeas relief from a federal court, a state petitioner must first exhaust remedies available in the state courts. According to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
(A) the applicant has exhausted the remedies available in the courts of the State; or
(B) (i) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir.2000).

To satisfy the exhaustion requirement, a petitioner must demonstrate that the claim was fairly presented to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997) (citations omitted); *Coverdale v. Snyder,* 2000 WL 1897290, at \*2 (D.Del. Dec. 22, 2000). However, if the petitioner raised the issue on direct appeal in the correct procedural manner, then the petitioner does not need to raise the same issue again in a state post-conviction proceeding. *Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1996); *Evans v. Court of Common Pleas, Delaware County, Pennsylvania,* 959 F.2d 1227, 1230 (3d Cir.1992) (citations omitted).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules preclude him from seeking further relief in state courts. *Lines v. Larkins,* 208 F.3d 153, 160 (3d Cir.2000); *Wenger v. Frank,* 266 F.3d 218, 223 (3d Cir.2001); *see Teague v. Lane,* 489 U.S. 288, 297-98 (1989). Although deemed exhausted, such claims are still considered to be procedurally defaulted. *Lines,* 208 F.3d at 160. Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claim. *McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir.1999); *Coleman v. Thompson,* 501 U.S. 722, 750-51 (1999); *Caswell v. Ryan,* 953 F.2d 853, 861-62 (3d Cir.1992).

To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). A petitioner can demonstrate actual prejudice by showing "not merely that the errors at ... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

**\*3** Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Wenger v. Frank,* 266 F.3d 218, 224 (3d Cir.2001). In order to demonstrate a miscarriage of justice, the petitioner must show that a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States,* 523 U.S. 614, 623 (1998). A petitioner establishes actual innocence by proving that no reasonable juror would have voted to find him guilty beyond a reasonable doubt. *Sweger v. Chesney,* 294 F.3d 506, 522-24 (3d Cir.2002).

IV. DISCUSSION

Qualls filed an initial § 2254 petition, (D.I.2.), a second petition, (D.I.3.), and an amended petition. (D.I.19.) The

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                       Page 3
2004 WL 2283595 (D.Del.)
**(Cite as: 2004 WL 2283595 (D.Del.))**

State correctly asserts that the amended petition merely supplements the claims raised in Qualls' two previous petitions. (D.I.25.) Viewed together, these petitions allege six claims: (1) the prosecution failed to disclose all favorable evidence to Qualls, constituting prosecutorial misconduct and violating Qualls' due process and equal protection rights; (2) Qualls' trial counsel provided ineffective assistance by failing to object to inadmissible evidence, by failing to argue on the basis of the Delaware Rules of Evidence and other rules of law, and by failing to conduct a DNA investigation; (3) Qualls' conviction is illegal because the grand or petit jury was unconstitutionally selected and impaneled; (4) Qualls' conviction is illegal because the Delaware police officers never tagged all articles as evidence, thereby violating his due process rights; (5) the Superior Court violated Qualls' constitutional rights by refusing to appoint new trial counsel; and (6) his punishment for an offense for which he was acquitted constitutes a double jeopardy violation.

The State correctly asserts that Qualls has not exhausted state remedies. Qualls raised the same claims he asserts in his § 2254 petition to the Delaware Superior Court in his Rule 61 motion, but he never appealed the Superior Court's denial of the motion to the Delaware Supreme Court. His failure to exhaust state remedies is excused, however, because state procedural rules would prevent him from pursuing further state court relief. *See Coleman,* 501 U.S. at 750; *Lines,* 208 F.3d at 160. First, any attempt now to file an appeal with the Delaware Supreme Court would be dismissed as untimely. *See* Del.Supr. Ct. R. 6(a)(iii) (A notice of appeal must be filed within thirty days after entry of an order denying post-conviction relief); *Carr v. State,* 554 A.2d 778, 779 (Del.1989) (Failure to file a notice of appeal within the thirty-day time limit deprives the Delaware Supreme Court of jurisdiction to hear the appeal). Second, because Qualls raised these claims in his 2002 Rule 61 motion, he cannot now assert these claims in a new Rule 61 motion to the Delaware Superior Court in an effort to appeal from the resulting decision. *See* Del.Super. Ct.Crim. Rule 61(i)(4)(preventing further state review of claims formerly adjudicated); *Kendall v. Attorney General of Delaware,* 2002 WL 531221, at *4 (D.Del. Mar. 26, 2002).

**\*4** Although Qualls' failure to exhaust state remedies is excused, these claims are still procedurally defaulted. Consequently, federal habeas review is foreclosed unless Qualls establishes cause for his procedural default and prejudice resulting therefrom, or that a miscarriage of justice will result if the court refuses to hear the claims. *See Coleman v. Thompson,* 501 U.S. 722, 750-51 (1991); *Harris,* 489 U.S. at 262; *Caswell v. Ryan,* 953 F.2d 853, 860-61 (3d Cir.1992).

In his Traverse, Qualls contends that he did not deliberately bypass state procedural rules when he failed to appeal the Superior Court denial of his Rule 61 motion. Rather, he blames his procedural default on his lack of legal knowledge and misinformation given to him by the prison paralegal. (D.I. 28 at ¶ 2.) To the extent these assertions are his attempt to establish cause for his default, they fail. "Generally, 'cause' cannot be based on the mere inadvertence of the petitioner or the petitioner's counsel to take an appeal." *Cristin v. Brennan,* 281 F.3d 404, 420 (3d Cir.2002). Qualls' failure to demonstrate cause obviates any need to reach the issue of prejudice. *See Smith v. Murray,* 477 U.S. 527, 533 (1986).

Finally, even though Qualls contends that he is innocent, his conclusory statement fails to satisfy the miscarriage of justice exception to the procedural default doctrine. (D.I. 28 at ¶¶ 3, "Conclusion"). In order to establish actual innocence sufficient to demonstrate a miscarriage of justice, a petitioner must assert "new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Hubbard v. Pinchak,* 378 F.3d 333, 339-40 (3d Cir.2004). Here, Qualls does not present any new evidence; rather, his Traverse merely reasserts the claims he raised in his § 2254 petitions. Thus, because Qualls has failed to provide any reason to excuse his procedural default, I will dismiss his § 2254 petition as procedurally barred.

V. CERTIFICATE OF APPEALABILITY

Finally, I must decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability may only be issued when a

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
2004 WL 2283595 (D.Del.)
(Cite as: 2004 WL 2283595 (D.Del.))

Page 4

petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

When a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

**\*5** I conclude that Qualls' habeas petition must be dismissed as procedurally barred. Reasonable jurists would not find this conclusion to be unreasonable. Thus, I will not issue a certificate of appealability.

V. CONCLUSION

For the reasons stated, Qualls' petition for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate Order shall issue.

ORDER

At Wilmington, this 29th day of September, 2004, consistent with the Memorandum Opinion issued this same day;

IT IS HEREBY ORDERED that:

1. Petitioner Luther Qualls' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED, and the relief requested therein is DENIED. (D.I. 2; D.I. 7; D.I. 19.)

2. The Court declines to issue a certificate of appealability for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

2004 WL 2283595 (D.Del.)

**Motions, Pleadings and Filings (Back to top)**

• 1:02CV01257 (Docket) (Jul. 01, 2002)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.