IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

LAKISHA SHORT,                          :
                                        :
          Petitioner,                   :
                                        :
     v.                                 :    Civ. Act. No. 05-920-JJF
                                        :
PATRICK RYAN, Warden, and               :
Attorney General                        :
of the State of Delaware,               :
                                        :
          RespondentS.                  :

---

Lakisha Short.  <u>Pro se</u> Petitioner.

Elizabeth R. McFarlan, Deputy Attorney General of the DELAWARE DEPARTMENT OF JUSTICE, Wilmington, Delaware.  Attorney for Respondent.

---

**MEMORANDUM OPINION**

December 29, 2006
Wilmington, Delaware

Farnan, District Judge

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Lakisha Short ("Petitioner"). (D.I. 2.) For the reasons discussed, the Court will dismiss the Petition and deny the relief requested.

I. FACTUAL AND PROCEDURAL BACKGROUND

In March 2004, a Delaware Superior Court jury found Petitioner guilty of first degree robbery, two counts of possession of a firearm during commission of a felony, and aggravated menacing. The Superior Court declared Petitioner an habitual offender with respect to her conviction for first degree robbery and sentenced her to a total of 60 years incarceration at Level V, suspended after 55 years for one year of supervision at Level III. The Delaware Supreme Court affirmed Petitioner's conviction and sentence on direct appeal. Short v. State, 865 A.2d 512 (Del. 2004).

In June 2005, Petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). The Superior Court denied the Rule 61 motion, and Petitioner did not appeal that decision. See State v. Short, 2005 WL 2841613 (Del. Super. Ct. Oct. 25, 2005).

Petitioner filed the instant Petition in December, 2005. Respondent filed an Answer asserting that the Petition should be

1

dismissed as procedurally barred. (D.I. 11.)

## II. EXHAUSTION AND PROCEDURAL DEFAULT

Absent exceptional circumstances, a federal court cannot review a habeas petition unless the petitioner has exhausted all means of available relief for his claims under state law. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842-44 (1999); Picard v. Connor, 404 U.S. 270, 275 (1971). A petitioner satisfies the exhaustion requirement by "fairly presenting" the substance of the federal habeas claim to the state's highest court, either on direct appeal or in a post-conviction proceeding, in a procedural manner permitting the state courts to consider it on the merits. See Duncan v. Henry, 513 U.S. 364, 365 (1995); Castille v. Peoples, 489 U.S. 346, 351 (1989); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). If a petitioner presents a habeas claim to the state's highest court, but that court "clearly and expressly" refuses to review the merits of the claim due to an independent and adequate state procedural rule, the claim is exhausted but procedurally defaulted. See Coleman v. Thompson, 501 U.S. 722, 749-750 (1991); Harris v. Reed, 489 U.S. 255, 260-64 (1989).

A federal court cannot review the merits of a procedurally defaulted claim unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will

result if the court does not review the claim. McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999); Coleman, 501 U.S. at 750-51; Caswell v. Ryan, 953 F.2d 853, 861-62 (3d Cir. 1992). To demonstrate cause for a procedural default, the petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, the petitioner must show that the errors during his trial created more than a possibility of prejudice; he must show that the errors worked to his "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Id. at 494.

Alternatively, if the petitioner demonstrates that a "constitutional violation has probably resulted in the conviction of one who is actually innocent," then a federal court can excuse the procedural default and review the claim in order to prevent a fundamental miscarriage of justice. Murray, 477 U.S. at 496; Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wenger v. Frank, 266 F.3d 218, 224 (3d Cir. 2001). Actual innocence means factual innocence, not legal insufficiency, and the miscarriage of justice exception applies only in extraordinary cases. Bousley v. United States, 523 U.S. 614, 623 (1998); Murray, 477 U.S. at 496. A petitioner establishes actual innocence by asserting "new reliable evidence - whether it be exculpatory scientific

evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial," showing that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt. Hubbard v. Pinchak, 378 F.3d 333, 339-40 (3d Cir. 2004).

## III. DISCUSSION

Petitioner asserts the following four claims in her Petition: (1) the trial court violated Petitioner's right to due process by using a conviction obtained while she was a minor as a basis for Petitioner's habitual offender status, and the State violated Petitioner's right to due process by showing the two witnesses a photo array containing women when one of the witnesses described the robber as a man; (2) Petitioner only participated in one robbery, therefore, her conviction for two counts of possession of a firearm during the commission of a felony violated double jeopardy; (3) Petitioner's 55 year sentence constitutes cruel and unusual punishment; and (4) trial counsel provided ineffective assistance of counsel. (D.I. 2.)

Petitioner did not exhaust state remedies for her four habeas claims because she did not appeal the Superior Court's denial of her Rule 61 motion. However, the Court excuses Petitioner's failure to exhaust because state procedural rules would prevent her from pursuing further review of her claims in state court. For example, Petitioner cannot file an appeal of

4

the Superior Court's denial of her Rule 61 motion because the time for filing an appeal has expired. See Del. Sup. Ct. R. 6(a)(a notice of appeal must be filed within 30 days after entry of a Superior Court order); Dorsey v. Carroll, 393 F. Supp. 2d 272, 276 (D. Del. 2005). Additionally, Petitioner cannot assert her claims in a new Rule 61 motion and then appeal the Superior Court's decision because those claims would be barred as formerly adjudicated under Superior Court Criminal Rule 61(i)(4). Id.

Although Petitioner's failure to exhaust is excused, her claims are still procedurally defaulted. Petitioner does not assert, and the Court cannot discern, any cause for her procedural default. In the absence of cause, the Court need not address the issue of prejudice. Moreover, the Court concludes that the miscarriage of justice exception does not excuse Petitioner's procedural default because she has not provided new, reliable evidence of her actual innocence. Accordingly, the Court concludes that Petitioner has procedurally defaulted her claims, and therefore, the Court is precluded from reviewing the merits of her Petition.

IV.  **CERTIFICATE OF APPEALABILITY**

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a

petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Additionally, if a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling.  Id.

The Court has concluded that Petitioner's habeas Petition does not warrant relief, and the Court is not persuaded that reasonable jurists would find this conclusion to be debatable.  Therefore, the Court declines to issue a certificate of appealability.

## V.   CONCLUSION

For the reasons discussed, the Petition For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 filed by Petitioner will be denied.

An appropriate Order will be entered.